IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00130-KAS

V.L.M.[1]

      Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on the **Social Security Administrative Record** [#10], filed March 16, 2023, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Social Security Administration's Commissioner ("Defendant" or "Commissioner"), denying Plaintiff's claim for supplemental security income pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. Plaintiff filed an Opening Brief [#13] (the "Brief"), Defendant filed a Response [#16] in opposition, and Plaintiff filed a Reply [#17]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court has reviewed the entire case file and the applicable law. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.[2]

_____

[1] Pursuant to D.C.COLO.LAPR 5.2(b), "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Consent* [#9]; *Reassignment* [#18]; *Order of Reference* [#19].

## I. Background

On April 28, 2020, Plaintiff filed an application for supplemental security income under Title XVI, alleging disability beginning June 30, 2016. Tr. 17.[3] At the oral hearing, however, Plaintiff amended her alleged onset date to December 17, 2019. Tr. 40. Her claim was initially denied on January 29, 2021, and again on reconsideration on October 25, 2021. Tr. 17. On July 15, 2022, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 27. On November 16, 2022, the Appeals Council denied review. Tr. 1.

The ALJ first determined that Plaintiff has not engaged in substantial gainful activity ("SGA") since April 28, 2020, the application date. Tr. 19. The ALJ then found that Plaintiff suffers from two severe impairments: (1) bilateral knee osteoarthritis; and (2) greater trochanteric bursitis of the right hip. Tr. 20. However, the ALJ also found that Plaintiff's impairments, either separately or in combination, did not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 21.

The ALJ next concluded that Plaintiff had the residual functional capacity ("RFC") to perform "medium work"[4] with the following exceptions:

> [S]he can lift no more than 50 pounds occasionally. She can lift and carry up to 25 pounds frequently. She can stand and walk for about six hours and sit for about six hours in an eight-hour workday with normal breaks. Pushing and pulling with the bilateral upper extremities is limited to frequently. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 10 through 10-8, by the sequential transcript numbers instead of the separate docket numbers.

[4] "Medium work" is defined as follows: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the agency] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

climb ramps or stairs, kneel, crouch, and crawl. She can frequently balance and stoop. She can handle with the right dominant upper extremity frequently.

Tr. 22. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff could perform past relevant work as a "cashier II." Tr. 24-25. The ALJ further found that Plaintiff was an "individual closely approaching retirement age" on the date she filed her application. Tr. 25. The ALJ noted that Plaintiff he had "at least a high school education." *Id*. The ALJ noted that transferability of job skills was immaterial to his disability determination because her past relevant work was unskilled. *Id*. Finally, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, and given the VE's testimony, there were a significant number of jobs in the national economy which Plaintiff could have performed, including the representative medium, unskilled work occupations of "Industrial Sweeper Cleaner," with 150,000 jobs nationally; "Laundry Laborer," with 40,000 jobs nationally; and "Furniture Cleaner," with 30,000 jobs nationally. Tr. 26. The ALJ therefore found that Plaintiff was not disabled at step four, with alternative findings at step five. Tr. 24-26.

The ALJ's decision is the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.981. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Standard of Review and Applicable Law

Pursuant to the Act:

[T]he Social Security Administration (SSA) is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effect of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act; rather, to be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See, e.g.*, *Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995) (citing 42 U.S.C. § 423(d)(1)(A)).

The Court reviews the Commissioner's final decision by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Casias v. Sec. of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). In other words, the

Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citation, quotation marks, and modification omitted).

**A.     The Five-Step Framework**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750, 751 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether the claimant is "presently engaged in substantial gainful activity." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). If not, the ALJ considers at step two whether the claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citing 20 C.F.R. §

404.1521[5]). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Allen*, 357 F.3d at 1142. At step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). RFC is defined as "the most [the claimant] can still do despite [their] limitations" and it considers the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 416.945(a)(1), (a)(4). In making an RFC determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 416.945(a)(2). Also, "the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052. "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

## B.  Substantial Evidence

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. Rather, "we review the Secretary's decision only to determine whether her factual findings are supported by substantial evidence and whether she applied the correct legal standards." *Clifton*, 79 F.3d at 1009 (citing 42 U.S.C. § 405(g) and *Byron v. Heckler*, 742 F.2d 1232, 1234-35 (10th Cir. 1984)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson*, 602 F.3d

---

[5] Title XVI contains an identical provision, codified at 20 C.F.R. § 416.921.

at 1140 (internal quotation marks and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Broadbent v. Harris*, 698 F.2d 407, 412, 414 (10th Cir. 1983). However, the "'failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal' separate from a lack of substantial evidence." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal citation omitted); *accord Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. Analysis

Plaintiff argues that the ALJ erred by (1) determining that Plaintiff's past work as a "cashier II" counted as past relevant work; and (2) improperly analyzing the medical opinion of Henry Scovern, MD, the state agency medical consultant. *Brief* [#13] at 9-14, *Reply* [#17] at 4-9. The Court considers each argument in turn.

**A.    Past Relevant Work**

Plaintiff argues that the ALJ erred in finding that she had past relevant work as a "cashier II" for Stinker Stores CO, Inc., and Travel Centers of America LLC from 2017-2019, because her earnings in those jobs did not reach the SGA threshold necessary to qualify as past relevant work. *Brief* [#13] at 9-14.

1.      **Calculating SGA Threshold**

"While claimants have the burden at step four to show they are unable to return to their past relevant work, the ALJ must make specific factual findings to support [her] conclusions, including one that a claimant has past relevant work." *Bailey v. Berryhill*, 250 F. Supp. 3d 782, 787-88 (D. Colo. 2017) (citing *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987)); Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, In General, Soc. Sec. Rulings 82-62, 1982 WL 31386, at **1, 4 (Jan. 1, 1982) (hereinafter "SSR 82-62")).

"A claimant's past employment qualifies as past relevant work if it 'was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity.'" *Anamarie R. v. Saul*, Case No. 2:20-cv-00256-DAO, 2021 WL 2650962, at *3 (D. Utah June 28, 2021) (quoting 20 C.F.R. § 404.1565(a)[6]) (alteration in original). To constitute substantial gainful activity, the claimant's average monthly earnings must exceed the threshold set out in the social security regulations. *Id.* (citing 20 C.F.R. § 404.1574(b)[7]; *United States v. Sandoval*, No. CR 22-1010 JB, 2024 WL 278786, at *22 (D.N.M. Jan. 25, 2024) (stating that "[i]f the averaged amount is less than the earnings threshold used to determine [SGA], then a claimant generally has not engaged in [SGA]. Conversely, if the amount is greater than the threshold, the claimant has engaged in [SGA.]) (citing 20 C.F.R. § 404.1574(b)(3)(i)). The *Sandoval* court helpfully provided a link to the current SGA thresholds, for those wishing "to avoid the cumbersome arithmetic" set out in the regulations. *Sandoval*, 2024 WL 278786, at *22

---

[6] Title XVI includes an identical regulation. *See* 20 C.F.R. § 416.965(a).

[7] Again, Title XVI includes an identical regulation. *See* 20 C.F.R. § 416.974(b).

(citing Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (hereinafter "SGA Tables")) (last visited March 15, 2024).

Because Plaintiff is not blind, her SGA threshold was $1,170 per month in 2017; $1,180 per month in 2018, and $1,220 per month in 2019. *See* SGA Tables. This equates to yearly income of $14,040 in 2017; $14,160 in 2018; and $14,640 in 2019. *Id.*

### 2. Plaintiff's Past Employment

Here, the ALJ found Plaintiff's past employment as a cashier from 2017 through 2019 was past relevant work:

> The record establishes that the claimant worked full-time as a cashier at Stinker Stores CO Inc. in 2017 and 2018 and at Travel Centers of America LLC in 2019, and that the work was performed at or above the level of substantial gainful activity [Tr. 186-95; 212-18; 227-34]. Because this job was performed within the past fifteen (15) years; was of long enough duration to allow the claimant to fully learn all duties of the job; and was performed at the level of substantial gainful activity, the undersigned finds that it qualifies as past relevant work.

Tr. 25.

Plaintiff argues that this finding was erroneous because she did not earn enough from 2017 to 2019 to meet the SGA threshold, and therefore, the ALJ's finding that these cashier jobs were past relevant work was not supported by substantial evidence. *Brief* [#13] at 12-13. The Court agrees.

In fact, the record did not show Plaintiff working "full-time as a cashier" from 2017-2019. Tr. 25. Plaintiff testified at the oral hearing that from 2017 to 2018 she worked at Stinkers, but she was "actually hired part-time and limited to my hours." Tr. 43-45. She also testified that she worked part-time at Travel Centers of America in 2019. Tr. 45-46. Plaintiff also submitted a Disability Report which does not name Stinkers or Travel

Centers of America but clearly refers to these jobs. Tr. 212-18. In it, Plaintiff stated she had worked as a "Gas Station Attendant" from January 2017 to December 2018 for 6 hours per day, 2 days a week, at $11.15 per hour; she also claimed she worked as a "Truck Stop Attendant" from January 2019 to December 2019 for 4 hours a day, 3 days a week, at $12.00 per hour. Tr. 214-15. The record shows that Plaintiff worked in these cashier roles part-time. *Id.*[8]

More importantly, Plaintiff's Detailed Earnings Query confirms that she did not earn enough in these cashier roles to meet the SGA threshold. Tr. 188. This record shows that Plaintiff earned $5,782.37 in 2017 at Stinker, $4,647.33 in 2018 at Stinker, and $7,282.63 in 2019 at Travel Centers of America. *Id.* Plaintiff never came close to SGA thresholds (which exceeded $14,000) in any of these years. Accordingly, neither of these two cashier jobs constituted substantial gainful activity and should not have been considered as past relevant work. *See* 20 C.F.R. §416.965(a) (stating that "[past] work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity").

To the extent that the ALJ found that Plaintiff's cashier jobs at Stinker and Travel Centers of America constituted past relevant work, that finding was in error because it was not supported by substantial evidence.

---

[8] The Court acknowledges that Plaintiff also filled out a Work History Report and attached "more information" sheets claiming every job was "8 hours per day" and "40 days [sic] per week," suggesting full-time employment, but these "more information" sheets only correspond to Jobs 1 through 6, not her employment with Stinker (Job 8) or Travel Centers of America (Job 9). Tr. 227-34.

**B.     Harmless Error**

Defendant argues that "even if the ALJ was mistaken about those jobs being performed at the level of substantial gainful activity, any such error is harmless because the ALJ made alternate findings at step five that other jobs existed that Plaintiff could perform[.]" *Response* [#16] at 10-11. The Court agrees that the ALJ's mistake was harmless error.

Although "cashier II" was not past relevant work (because Plaintiff never reached the SGA threshold from 2017 to 2019), it was still "substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (describing step five analysis). Past relevant work or not, the ALJ found that Plaintiff could work as a "cashier II", and that finding was itself supported by substantial evidence. Tr. 24-25.

Stated another way, the VE testified that "cashier II" was a representative, available "light, unskilled job" which Plaintiff could perform as it is actually and generally performed. *See* Tr. 57-59. Based on this testimony, and "comparing [Plaintiff's] [RFC] with the physical and mental demands of this work," the ALJ found that Plaintiff "is able to perform the cashier II [sic] as actually and generally performed." Tr. 25. Plaintiff does not challenge the finding that she is able to perform cashier II work—she merely objects to the ALJ designating cashier II as "past relevant work." *See generally Brief* [#13] at 13.

Had the ALJ followed the exact same process and made the exact same findings at step five instead of step four, there would have been no error at all. *Cf. Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994) ("the integrity of a step-four finding is not compromised in any way by the recognition that step five, if it were reached, would dictate the same [or different] result") (alteration in original); *Jones v. Berryhill*, 720 F. App'x 457,

459 (10th Cir. 2017) (concluding that "any error in the ALJ's step-four finding was harmless given the ALJ's alternative finding at step five"). Any error in the step-four past relevant work finding is harmless because the finding that Plaintiff was capable of working as a "cashier II" could have been made at step five instead, on the same record.[9]

## C.    Dr. Scovern's Opinions

Plaintiff argues that the ALJ did not properly consider Dr. Scovern's opinions, resulting in an RFC that was not supported by substantial evidence. *Brief* [#13] at 4-9. In particular, she argues (1) that the ALJ failed to properly consider both supportability and consistency in finding Dr. Scovern's opinions unpersuasive; and (2) that the ALJ should have adopted Dr. Scovern's vocational findings, i.e., his light exertional restrictions. *Id.*

### 1.    State Agency Medical and Vocational Findings

First, to the extent Plaintiff argues that the ALJ should have "adopted Dr. Scovern's light exertional restrictions," that argument contradicts current regulations. *Brief* [#13] at 9. Under 20 C.F.R. § 416.920b(c)(2), "[f]indings made by a State agency disability examiner made at a previous level of adjudication about a medical issue, vocational issue, or the ultimate determination about whether [the claimant is] disabled" are "inherently neither valuable nor persuasive to the issue of whether [the claimant is] disabled or blind under the Act" and the ALJ need not provide any analysis about how she considered such evidence. *Id.* This rule applies to "claims filed on or after March 27, 2017." 20 C.F.R. §

---

[9] This is a classic example of harmless error as the Tenth Circuit has described it in the Social Security arena. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that "it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Here, any error in the ALJ's step four "past relevant work" analysis can be resolved simply by transplanting it into the step five "other work in the national economy" analysis.

416.920b(c). Dr. Scovern's determination of Plaintiff's RFC, and in particular his light exertional restrictions, fall within the category of "findings made by a State agency disability examiner about . . . a vocational issue[.]" *Id.*; Tr. 72-75. Under current regulations, the ALJ was not required to adopt Dr. Scovern's light exertional restrictions, just as she was not required to adopt Dr. Kushner's subsequent findings that Plaintiff had no severe impairments and no limitations. Tr. 24. These were all issues reserved to the Commissioner, and the Court finds no error in the ALJ declining to adopt Dr. Scovern's limitations. 20 C.F.R. § 416.920b(c)

### 2. Supportability Analysis

Plaintiff argues, more broadly, that the ALJ failed to properly consider both supportability and consistency of Dr. Scovern's opinions. *Brief* [#13] at 6. In her Reply [#17], Plaintiff admits that the ALJ considered the supportability of Dr. Scovern's opinion, but she argues that consideration was too brief. *Reply* [#17] at 2 (arguing that there is no "explanation as to why . . . one sentence would suffice as to the articulation required under the regulations").

Pursuant to 20 C.F.R. § 416.920c(b)(2), supportability and consistency are the two most important factors for the ALJ to consider when determining the persuasiveness of prior medical findings. Plaintiff is correct that the ALJ must analyze both, but she overstates how long that analysis must be. As the Tenth Circuit has explained, the analysis is typically sequential:

> An ALJ must first consider whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.' If the answer to this question is 'no,' then the inquiry at this stage is complete. If the ALJ finds the opinion is well-supported, [she] must then confirm that the opinion is consistent with other substantial evidence in the record.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citation omitted) (quoting Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *2 (July 2, 1996)). The supportability analysis can be brief if the record supports brevity. *Id.* The ALJ's obligation is to "discuss the crucial factors in any determination with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *J.T.L. v. Kijakazi*, Civil Action No. 22-cv-02343-NYW, 2023 WL 5017241, at *7 (D. Colo. Aug. 7, 2023) (quoting *Frazer v. Kijakazi*, No. CV 20-1147 GBW, 2022 WL 682661, at *5 (D.N.M. Mar. 8, 2022) (internal alterations omitted)).

Here, Plaintiff is correct that the ALJ's supportability analysis was brief, but she does not explain why it should have been longer. *Reply* [#17] at 2. The ALJ noted that Dr. Scovern had "opined the claimant could frequently handle on the right and frequently push/pull with the right upper extremity," and had limited Plaintiff to "lift and carry 20 pounds occasionally and 10 pounds frequently"—and he had supported his opinion with evidence of left knee internal derangement and modest right hand chronic discomfort. Tr. 24. However, the ALJ pointed out that Dr. Scovern himself had noted "there was no evidence of carpal tunnel syndrome." Tr. 24.

The ALJ's supportability analysis considered Dr. Scovern's stated limitations; citations to evidence; and noted lack of carpal tunnel diagnosis. *Id.* The ALJ then went on to discuss consistency, the proper next step upon finding some amount of support for Dr. Scovern's opinions. *Id.*; *Watkins*, 350 F.3d at 1300 (stating that if a medical opinion is well-supported, the ALJ "must then confirm that the opinion is consistent with other substantial evidence in the record. . . if the opinion is deficient *in either of these respects*, then it is not entitled to controlling weight") (emphasis added).

Plaintiff's argument thus misses the mark. The ALJ did not find Dr. Scovern's opinions were *unsupported*, she found they were *inconsistent*, and she was permitted to discount his opinions *on either basis*. *Id.*; Tr. 24. As Defendant put it, the ALJ "found that while Dr. Scovern's assessment had some support, his limitation to light work was overly limiting because it was not consistent with Plaintiff's normal findings on physical examination or her limited treatment." *Response* [#16] at 6. The ALJ sufficiently articulated her discussion of the supportability of Dr. Scovern's opinions before turning to discuss the consistency of those opinions. Tr. 24. *Cf. Jada H. v.* Kijakazi, No. 3:22-cv-00520-CRS, 2023 WL 10325777, at *4 (W.D. Ky. Nov. 28, 2023) (finding ALJ's brief analysis that a medical opinion was "too broad and general" "failed to provide the requisite analysis on the opinion's supportability and consistency" because it "did not discuss any objective medical evidence or supporting explanations"), *aff'd and adopted*, 2024 WL 659500 (W.D. Ky. Feb. 16, 2024). Accordingly, the Court finds no error.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **enter** judgment in favor of Defendant and **close** this case.

Dated: March 29, 2024                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge